UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 3 2011
Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

Thomas Franklin Cross, Jr., )
)
    Petitioner, )
)
v. ) Civil Action No. _____
)
United States of America *et al.*, )
)
    Respondents. )

## MEMORANDUM OPINION

This action was submitted *pro se* on a form captioned "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Although petitioner is incarcerated in a North Carolina correctional facility, he is challenging a judgment of conviction he asserts was entered by the United States District Court for the Eastern District of North Carolina. Pet. ¶ 1. In addition, petitioner has submitted an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner claims that he was denied his Sixth Amendment right to the effective assistance of counsel on appeal, *see* Pet. ¶ 12, and he seeks vacation of the conviction, *id.* at 15. Such a claim arising from a federal conviction must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255, which states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This Court did not sentence petitioner and he has not shown that his available remedy is inadequate or ineffective. To the extent that petitioner has already been denied such relief, see Pet. at 6, he must seek permission from" the appropriate court of appeals" to file a successive petition. 28 U.S.C. § 2255(h). This Court lacks jurisdiction over the instant petition and, therefore, will dismiss the case. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: October 25, 2011